# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROGER D. MCCLURE, )
 )
    Plaintiff, )
 )
v. ) No. 4:08CV152 RWS
 )
DEPARTMENT OF CORRECTIONS, )
et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 512013), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of $0.15. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the Department of Corrections, the City of St. Louis Police Department, and the State of Missouri. Plaintiff additionally makes allegations against the Office of the Public Defender and an unnamed trial court judge, although he has not specifically denoted these entities/persons as defendants.

Plaintiff makes a myriad of claims against defendants. He asserts that the Department of Corrections treated him unlawfully by: 1) giving him "wrongful write-ups" and "hole" time that he wasn't "good for"; 2) losing his property during

moves between institutions; 3) failing or refusing to answer his grievances and/or failing to give him forms to write grievances; 4) subjecting he and other inmates to "slavery" and "unfair living conditions"; 5) refusing to transfer him to a level 4 institution; 6) forcing him to go by level 5 rules when he should be a level 4 prisoner; 7) failing to provide he and other inmates with adequate medical care; 8) refusing to give he and other inmates "enough clothing" or the proper kind of clothing for the different seasons; 8) failing to provide he and other inmates with good food; and 9) changing his release date without reason to do so.

Plaintiff claims that the St. Louis City Police Department acted unlawfully by falsely arresting him, seizing property from his house that did not relate to the reason he was arrested and refusing to return the property seized. Plaintiff has, however, failed to provide any facts regarding the purported arrest such as why it was "false"and/or what he was arrested for.

Plaintiff claims that the Office of the Public Defender acted unlawfully through "wrongful representations," or telling him he did not need to attend hearings when his presence was purportedly required.

Plaintiff asserts that the State of Missouri acted unlawfully when the governor denied him clemency and when his unnamed trial judge failed to give him a lawful trial and imposed the incorrect sentence.

Plaintiff requests monetary and injunctive relief, including: 1) the replacement of all of his lost personal property and/or the monetary value of the same; 2) monetary sanctions against the Department of Corrections for their allegedly unlawful behavior; 3) "proper medical treatment" for his medical problems; 4) a transfer to a level 4 institution; 5) release from confinement; and 6) $200 billion dollars.

## Discussion

The complaint fails to state a claim against the Missouri Department of Corrections as it is not a "person" subject to suit under § 1983. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). Additionally, the State of Missouri (and its agencies) are absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, if indeed, plaintiff is attempting to state a claim against the Office of the Public Defender, it cannot lie for the additional reason that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Similarly, the complaint is frivolous against the City of St. Louis Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West

Memphis, Ark., 974 F.2d 81, 82 (1992). And any claim plaintiff may have tried to assert against an unnamed trial judge is also legally frivolous because the judge would be entitled to absolutely immunity for all judicial actions that were not taken in "a complete absence of all jurisdiction." Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991). In light of the aforementioned, the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of March, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE